UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| HAROLD H. TEMPLE | * | CIVIL ACTION NO. 15-2117 |
| VERSUS | * | JUDGE ELIZABETH E. FOOTE |
| SABINE RIVER AUTHORITY | * | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand  and associated request for attorney's fees and costs, [doc. # 6], filed by Plaintiff Harold Temple. Defendant Sabine River Authority opposes the Motion. [doc. # 8]. For the reasons stated below, the motion is **GRANTED**, but the Request for Attorney's fees and costs is **DENIED**.[1]

Background

On October 26, 2011, Plaintiff, Harold Temple, sued the Sabine River Authority ("SRA") in the Eleventh Judicial District Court, Parish of Sabine, alleging the following: (a) SRA owned certain land adjacent to the Toledo Bend Lake ("the leaseback lands") (b) SRA had leased the subject leaseback lands to plaintiff's ancestors in title, who ultimately conveyed the lease to plaintiff, and (c) SRA had thereafter improperly granted a permit to someone else to use the same land, in violation of the leaseback agreement.

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this Ruling is issued under the authority thereof, and in accordance with the standing order of this Court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Plaintiff further sought a declaratory judgment that SRA's proposed Shoreline Management Plan, which it had drafted in connection with a relicensing of the Toledo Bend Reservoir Project with the Federal Energy Regulatory Commission, included restrictions on Plaintiff's timber cutting that violated the terms of the leaseback agreement.

On January 23, 2012, Defendant filed an exception of vagueness as to the first claim, arguing that plaintiff failed to name any specific person to whom an improper permit had been granted, and an exception of prematurity as to the declaratory action, arguing that the proposed Shoreline Management Plan had not been finalized or adopted.

Temple filed a First Supplemental and Amended Petition on October 24, 2012 re-asserting his previous claims by reference, and further specifically alleging that SRA had leased the land in question to Gene Crabtree after it had leased it to Temple. [doc. # 1-4]. Temple also added Crabtree as a defendant. *Id.* On June 22, 2015, Temple filed a Second Amended Petition which did not adopt his previous claims by reference, thus apparently abandoning his declaratory judgment action based on the proposed Shoreline Management Plan, but which contended that SRA had granted rights over the leaseback land to additional people. [doc. # 1-5]. Temple added Douglas Baudoin, Allen Baudoin and Craig Callahan as defendants as well. *Id.* On July 30, 2015, Defendant removed the action under 16 U.S.C. § 825p, which provides federal courts with jurisdiction over duties and liabilities created by the Federal Power Act ("FPA"), and under 28 U.S.C. § 1331.[2] [doc. # 1]. On August 13, 2015, Plaintiff filed the instant Motion to Remand on

---

[2] Defendant also removed on the basis of 28 U.S.C. § 1333, Admiralty and Maritime; however, § 1333 does not confer removal rights in the absence of a non-admiralty basis for jurisdiction. *See Gabriles v. Chevron USA., Inc.*, 2014 WL 2567101, *4 (W.D. La. June 5, 2014) (maritime claims are not removable absent a basis of jurisdiction outside of admiralty); [doc. # 1, p. 5].

the bases that the notice of removal was untimely and there is no federal question jurisdiction.

[doc. # 6]. Defendant filed its opposition on September 4, 2015. [doc. # 8]. Plaintiff filed a reply

memorandum on September 11, 2015. [doc. # 11]. The matter is now before the Court.

<b><u>Law and Analysis</u></b>

I.       <u>Notice of Removal Untimely</u>

The procedure for removal from state to federal court is governed by 28 U.S.C. §

1446(b). That statute requires a removal notice to "be filed within thirty days after the receipt by

the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

If an action is not initially removable, but later becomes removable, the third paragraph of

§ 1446(b) directs that, "a notice of removal may be filed within thirty days after receipt by the

defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained that the case is one which is or has become removable." 28 U.S.C. §

1446(b)(3).

In this case, the record clearly demonstrates that SRA was on notice of the Plaintiff's

petition by at least January 23, 2012, when it filed its initial exceptions. The instant lawsuit was

not removed, however, until over three years later, on July 30, 2015. The SRA contends that the

action was not immediately removable, and did not become so until Temple's amended

petition(s) added additional claims which involve questions of federal law. [doc. # 8, p. 16]. The

Plaintiff filed his amended petitions on October 24, 2014 [doc. 1-4] and June 22, 2015 [doc. # 1-

5].

Defendant has failed to show when it became aware of the amended petitions. The

defendant merely contends that "[s]ervice was not requested on the SRA, which was only recently made aware of the pleading[s]." [doc. #1, p. 3]. Although SRA alleges it was not made aware of the pleadings, it presents no evidence of what date it actually became aware of the petitions. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (removing party bears the burden of establishing removal was proper). Moreover, the certificate of service for the 1st amending and supplemental petition shows service on Defendant's counsel on October23rd, but does not show a year of service, and the certificate of service for the 2nd amending petition shows that service was made on Defendant's counsel on June 22, 2015. In his removal notice, Defense counsel claimed that service was made on an old address, and that he "only recently" had been made aware of the pleadings at the time of removal.

More importantly, the amended petitions do not assert any new claims against SRA. The original petition filed by Temple, more than three years before removal, asserted a claim that SRA had violated the leaseback to Temple by granting rights over the property in question to other persons. The amended petitions merely added defendants and specifics to the allegations already filed against SRA. Defendant argues that the new claims "challenge[] the congressionally proscribed authority of FERC."[doc. # 8, p. 16].  Assuming for purposes of the timeliness issue that this argument is correct, the undersigned finds that the allegations against the newly added defendants are not substantially different from those originally alleged, and therefore, removal should have been made within 30 days of service of the original petition.  For these reasons, the undersigned finds that the SRA's Notice of Removal is untimely, and this court must therefore remand this case to state court.

II.     No Complete Preemption under Federal Power Act

Even if removal had been timely, the court finds that subject matter jurisdiction is

lacking.  "The removing party bears the burden of establishing that federal jurisdiction exists."

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular &*

*Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). "In general, defendants may remove

a civil action if a federal court would have had original jurisdiction." *Id.* (citing 28 U.S.C. §

1441(a)).

"The presence or absence of federal-question jurisdiction is governed by the

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions*

*Bank of Louisiana*, 522 U.S. 470 (1998). There are, however, exceptions to the well-pleaded

complaint rule, one of which is the doctrine of complete preemption. *New Orleans & Gulf Coast*

*Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008). "Under the complete preemption doctrine,

what otherwise appears as merely a state law claim is converted to a claim 'arising under' federal

law for jurisdictional purposes because 'the federal statute so forcibly and completely displace[s]

state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *Id.*

(citations omitted). "The question in complete preemption analysis is whether Congress intended

the federal cause of action to be the exclusive cause of action for the particular claims asserted

under state law." *Id.* at 331. If so, "the state law cause of action is completely preempted, and

federal jurisdiction exists." *Id.*

There is no federal question presented on the face of Plaintiff's complaint. In arguing that

removal was proper in this case, Defendant contends that Plaintiff's state law property claims are

completely preempted by the Federal Power Act.  Specifically the Act provides, in pertinent part:

> The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of this chapter or any rule, regulation, or order thereunder. . . .

16 U.S.C. § 825p.

In support of removal jurisdiction, the Defendant cites to *Simmons v. SRA*, 732 F.3d 469 (5th Cir. 2013). In *Simmons*, the Court addressed a negligence claim brought against the SRA, alleging that the defendants should have maintained a higher minimum reservoir elevation. *Id.* at 472. The Fifth Circuit recognized that the "damage[] claims can serve the same effect as regulations," and that "[a]pplying state tort law to set the duty of care for the operation of FERC-licensed projects would 'stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives' of the FPA." *Id.* at 477.

Here, the same rationale is not warranted . Plaintiff's claim, if successful, would not impose a standard of conduct on FERC-licensed operations and would not impose an obstacle to the objectives of the FPA. Plaintiff contends that the SRA improperly leased the same property twice, breaching the leasing contract. *See Louisiana Power & Light Co. v. Ackel*, 616 F.Supp. 445, 447 (M.D. La. 1985); *see e.g.*, *Consol. Edison Co. of New York, Inc. v. Entergy Nuclear Indian Point 2, LLC*, 2006 WL 929208 (S.D. N.Y. 2006) (§ 825p did not completely preempt plaintiff's breach of contract claims arising under state, not federal, law); *see e.g., Engle v. W. Penn Power Co.*, 530 A.2d 913, 918-19 (Pa. 1987) (no complete preemption under § 825p found when "no assertion is made by plaintiffs concerning the violation of law, rule, regulation or order, nor [if] the cause of action [is not] brought to enforce any liability or duty."). The dispute giving rise to this lawsuit simply does not equate to or implicate a federal regulation, within the

6

meaning of 16 U.S.C. § 825p.

Absent a showing of Congressional intent to preempt all state law claims in the area of wholesale power regulation, there is no complete preemption. *See Hendricks v. Dynegy Power Mktg., Inc.*, 160 F. Supp.2d 1155, 1159 (S.D. Cal. 2001) ("fact that the Federal Power Act includes an exclusive jurisdiction provision does not mean that the entire field is preempted"). Accordingly, 16 U.S.C. § 825p is inapplicable to this case.

III.     No Substantial, Disputed Issue of Federal Law

The SRA also alleges that the present action "presents questions of federal law and regulation by a federal agency," which invokes the Court's jurisdiction under 28  U.S.C. § 1331. [doc. # 1, p. 5]. A cause of action that is created by state law still may "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).  In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, the Supreme Court framed the question, as follows, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. 308, 314 (2005). However, it "takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (citation omitted).

In the aftermath of *Grable & Sons*, the Fifth Circuit articulated four requirements that must be met before a federal issue embedded in a state law cause of action will confer federal question jurisdiction: "(1) resolving [the] federal issue is necessary to resolution of the state-law

claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal

jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v.*

*Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Applying the foregoing considerations here, the undersigned initially observes that

Defendant makes no effort to demonstrate that Plaintiff's petition meets the applicable standard.

The parties dispute is over what specific tracts of land are devised in the leaseback to Plaintiff

and whether subsequent leases and grants of access to others violate plaintiff's lease. Despite the

authority given by the FPA to regulate the operations of the licensed Toledo Bend Project, the

heart of the matter is a state law breach of lease issue. Defendant alleges that "Plaintiff's claims

are governed by FERC regulations and all operations of the Reservoir, are within the duties and

responsibilities dictated by the FERC." [doc. # 1, p. 4]. Also, "Temple's claims for recognition of

ownership interests to the subject leasebacks conflict with FERC's exclusive jurisdiction to

regulate the operations of the licensed Toledo Bend Project." [doc. 8, p. 6]. Defendant has cited

no authority holding that indirect regulatory authority provides a sufficient basis to invoke federal

question subject matter jurisdiction. Furthermore, exercising federal question jurisdiction in this

case would upset the balance of state and federal responsibilities by essentially federalizing state

law property dispute cases that incidentally allege protected status under a federal statute–a result

not intended by Congress or the Supreme Court. *See Singh*, 538 F.3d 334 at 338-40.

Defendant has not met its burden of establishing that federal subject matter jurisdiction

exists. The face of the complaint does not expressly or directly implicate a question of federal

law as required for a finding of federal subject matter jurisdiction. In sum, Defendant has failed

to establish the stringent and limited circumstances whereby a federal court may exercise federal

question jurisdiction as a result of a federal issue embedded within a state law cause of action.

IV.     Costs and Fees

An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 141 (2005).

Here, under the unusual legal and factual circumstances presented in this case, the undersigned cannot find that the removal in this case was objectively unreasonable. Accordingly, an award for damages, costs, fees, and/or expenses is not warranted.

## Conclusion

For the reasons explained above, the court finds that plaintiff's petition does not arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. Accordingly, subject matter jurisdiction is lacking and remand is required. 28 U.S.C. § 1447(c). The case will be REMANDED, via separate judgment, to the Eleventh Judicial District Court for the Parish of Sabine, State of Louisiana. In addition,

IT IS ORDERED that plaintiff's request for damages, fees, etc. is DENIED.

In Chambers, at Monroe, Louisiana, this 19th day of October, 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE